UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
NANCY LAWRENCE & RONALD LAWRENCE,                                 :
                                                                  :
                        Plaintiffs,                               :   **MEMORANDUM DECISION**
                                                                  :   **AND ORDER**
          - against -                                             :
                                                                  :   20-cv-4843 (BMC)
HHC TRS FP PORTFOLIO, LLC *et ano.*,                              :
                                                                  :
                        Defendants.                               :
----------------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiffs filed this action in the Supreme Court of the State of New York, County of Kings, on March 14, 2020. Defendants HHC TRS FP Portfolio, LLC and Remington Lodging & Hospitality LLC removed this case to federal court on October 8, 2020 based on diversity jurisdiction. Defendants asserted that they did not learn that plaintiffs' allegations satisfied the amount in controversy until a September 24, 2020 email from plaintiffs' counsel. Defendants further asserted that HHC TRS FP Portfolio, LLC is a foreign limited liability company, the members of which all reside in Dallas, Texas, and that Remington Lodging & Hospitality LLC is a foreign limited liability company, the members of which all reside in Dallas, Texas.

I issued an order to show cause why the case should not be remanded for failure to properly invoke diversity jurisdiction. I explained that allegations that the members of an LLC "all reside" outside of New York are insufficient to establish jurisdiction for two reasons. First, diversity is based on citizenship, not residence. See generally Van Buskirk v. United Grp. of Companies, Inc., 935 F.3d 49 (2d Cir. 2019). More importantly, the conclusion that the members of the LLCs are citizens is a legal conclusion not based on sufficient facts, and such a conclusion only raises the possibility, not plausibility, of citizenship. See generally Ashcroft v.

Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); GEOMC Co. v. Calmare Therapeutics Inc., 918 F.3d 92 (2d Cir. 2019). Accordingly, the citizenship of all corporate, non-corporate business entity, and individual owners with a direct or indirect interest in the limited liability company must be identified and their citizenship alleged in the Notice of Removal. See United Food & Commercial Workers Union v. Ctr. Mark Props. Meriden Square, Inc., 30 F. 3d 298, 302 (2d Cir. 1994); see also Carden v. Arkoma Assoc., 494 U.S. 185, 195-96 (1990); Avant Capital Partners, LLC v. W108 Dev. LLC, No. 16 CIV. 3359, 2016 WL 3660756, at *2 (S.D.N.Y. June 30, 2016) ("[I]f either of the LLC-parties have members which are LLCs, the citizenship of the members of those LLCs must also be given, and must be diverse.").

A court may remand a removed case to state court *sua sponte* if it finds its subject matter jurisdiction lacking. See 28 U.S.C. § 1447(c); Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 131 (2d Cir. 2006). A defendant seeking to remove a suit to federal court bears the burden of establishing that the requirements for diversity jurisdiction are met. See Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000). Federal courts only have diversity jurisdiction when there is complete diversity between the parties – that is, when all plaintiffs are citizens of different states from all defendants. See 28 U.S.C. § 1332; Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." Sherman v. A.J. Pegno Constr. Corp., 528 F. Supp. 2d 320, 325 (S.D.N.Y. 2007) (quoting Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994)).

Like limited liability corporations, for purposes of diversity jurisdiction, a limited partnership has the citizenship of each of its general and limited partners. See Carden, 494 U.S. at 195. Courts must consult the citizenship of all of the artificial entity's members. See id.

As an initial matter, I note that defendants' response to the order to show cause highlights why courts cannot rely on parties' legal conclusions in determining citizenship. Defendants now acknowledge that they, in fact, are citizens of at least Delaware, Texas, Maryland, and Florida, rather than just Texas as originally represented in the Notice of Removal. Furthermore, defendants' response still fails to prove diversity because it identifies two limited partnership entities for which the Court cannot determine citizenship.

First, defendants state that "Ashford Hospitality Limited Partnership is made up of Ashford OP General Partner LLC and Ashford Op Limited Partner LLC." The phrase "made up of" is a conclusion. Defendants do not specify whether these entities are the sole general and limited partners of Ashford Hospitality Limited Partnership. In fact, defendants' organizational chart in Exhibit A attributes "approx. 15% LP" of Ashford Hospitality Limited Partnership to "Holders of Convertible OP Units." This suggests that Ashford Hospitality Limited Partnership has additional equity owners that are not described in defendants' response and for which the Court cannot determine citizenship.

Second, defendants state that the sole member of defendant Remington Lodging & Hospitality LLC is Remington Holdings, L.P. Defendants do not describe the general and limited partners of Remington Holdings, L.P. Exhibit A to defendants' response suggests that Remington Holdings, L.P. has at least two partners, Remington Holding GP, LLC and William Hall. Defendants failed to identify these partners or provide any facts from which the Court can determine their citizenship.

Defendants had the burden to establish this Court's subject matter jurisdiction and were afforded a second opportunity to do so following their inadequate Notice of Removal. "Removal procedures seek a rapid determination of the proper forum for adjudicating an action," and courts need not allow "prolonged preliminary litigation over the removal issue simply because [defendants] failed in the first instance to aver a proper jurisdictional basis for removal." Lupo, 28 F.3d at 274. The Court could have remanded this action simply based on the inadequacy of the allegations in the Notice of Removal and annexed pleadings, but it provided defendants with an opportunity to cure the defective allegations. Because defendants again failed to provide information sufficient to determine their citizenship, this case is remanded to the Supreme Court of the State of New York, County of Kings, case number 506431/2020.

**SO ORDERED.**

                                                U.S.D.J.

Dated: Brooklyn, New York
       October 26, 2020

4